Rossow v. Doebling—41 Ind. App. 23.

## ROSSOW v. DOEBLING.

[No. 6,034.   Filed January 10, 1908.]

1. PLEADING.—*Complaint.—Work and Labor.—Initial Attack on Appeal.*—A complaint alleging that defendant is indebted to plaintiff in a certain sum for work and labor done by plaintiff for defendant, an itemized bill of which is attached to and made part of the complaint, is sufficient, when attacked for the first time on appeal.   p. 24.

2. PARENT AND CHILD.—*Husband and Wife.—Work and Labor.—Evidence.*—Where a bill of particulars, in an action by the husband and father for services performed by himself, his wife and child, specifies the services performed by such wife and child, it is not erroneous to admit evidence of the value of their services.   p. 25.

3. APPEAL.—*Weighing Evidence.*—Where there is a conflict in the evidence, the decision of the trial court will be upheld.   p. 25.

4. COSTS.—*Agreed Judgment.—Attachment.—Release.*—Where the plaintiff agrees to release his attachment lien and not to issue execution until a certain day, in consideration that no question will be made upon such attachment or upon the costs occasioned thereby, the costs of such attachment are properly taxed against the defendant.   p. 26.

From Lake Circuit Court; *Willis C. McMahan*, Judge.

Action by Bernhard Doebling against Herman Rossow. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Thad S. Fancher* and *Frank B. Pattee*, for appellant.

*S. C. Dwyer, Milo M. Bruce* and *Otto J. Bruce*, for appelee.

COMSTOCK, J.—Appellee, plaintiff below, recovered judgment for $224.86 against appellant for work and labor performed for appellant by appellee and his wife and child. Appellant being a nonresident, attachment proceedings were instituted. No question is raised as to the sufficiency of the attachment proceedings. Defendant answered (1) general denial; (2) payment; (3) set-off; (4) counterclaim. To each paragraph appellee replied by general denial.

The first specification of error questions the sufficiency of

the complaint for want of facts. No ruling on demurrer is assigned, so that for the purposes of this appeal the complaint is first questioned in this court. The complaint avers that Herman Rossow is indebted to said plaintiff in the sum of $331.50 for work done by the plaintiff for said defendant on said defendant's farm in Cedar Creek township, Lake county, Indiana, a bill of particulars of which is filed herewith and made a part of this complaint; that said sum is now due and unpaid; that said plaintiff's claim is just; that said plaintiff believes he ought to recover therefor the sum of $331.50. The bill of particulars is as follows:

> "Herman Rossow to Bernhard Doebling debtor.
> August 15, 1904, to July 1, 1905, to ten and one-half
> months labor on farm, including labor of wife and
> child, at $35 per month..................... $367.50
> Credit by cash........................... 36.00
>
> Balance due plaintiff ....;.................. 331.50"

The allegations of the complaint, with a bill of particulars, are sufficient to bar another action for the same cause, and the assignment cannot be sustained.

The other specifications of error are made reasons for a new trial. Complaint is made of the action of the court in permitting the introduction in evidence of a letter identified as having been written by appellant to, and received by, appellee, in reference to appellee's going upon appellant's farm as manager. The letter was in German. The translation was shown to be correct, and is as follows:

> "Chicago, August 6, 1904.
> Dear Bernhard: I would notify you that I want to
> buy a farm in the next week, of sixty acres, with
> horses, wagon, chickens, oxen, sheep, turkeys, pigeons,
> tools, house and stable and will ask if you will man-
> age this for me. Certainly for all you get your living
> free, and you and your wife can kill from the stock
> what you need for your household. Good hunting,
> cabbage and all is there what you need. There you

and your wife and child can live nicely. Certainly, I will give you extra money monthly. Answer immediately, as I have only two weeks time till I go to St. Louis. When you receive this letter, telegraph me if you will manage the farm, yes or no. When I buy the farm, come right away and your wife and child can follow you. It is a wonderful country for living. My address: Kaiserhof Hotel, Chicago, but when you telegraph me send it to the following address. I will pay your expense. I am the next week on the farm. My address is the follows: H. Rossow, c/o Fred Schmidt, Shelby, Indiana, telegram address. Answer right away as soon as you can receive this letter.''

The following portion was read: ''Certainly for all you get your living free, and you and your wife can kill from the stock what you need for your household.'' The appellant testified: ''I did not say, 'you can kill anything.' '' The other expression denied, was: ''I will pay your expense.'' The correctness of the translation was not otherwise disputed.

The court permitted the introduction of evidence of the value of the services of appellee's wife and little girl aged eleven years. This is made one of the reasons for a 2. new trial, because, as claimed, the issues were not broad enough to admit such evidence. The bill of particulars specifies that the indebtedness for which appellee sued included the labor of his wife and child. The issues admitted of the proof, and the testimony was given by witnesses who were familiar with the work performed by appellee and his wife and daughter and qualified to speak of the value of such services. It was competent.

It is next insisted that the recovery was too large; that the court ignored the evidence in support of appellant's counterclaim and set-off; that the evidence shows 3. that appellant should recover for a laprobe taken, for kitchen towels used, the breaking of an incubator, and various other items. The court allowed items in the counterclaim and set-off, reducing appellee's claim from $331.50 to $224.86. The business arrangement by which ap-

pellee went upon appellant's farm was partly made through two letters and a telegram. Appellee's wife, who was a strong, healthy woman, and his daughter assisted him in the work of the place. They were on appellant's place at his request. The question whether under all the evidence the arrangement was one by which appellee was to share in the profits as claimed by appellant, or that he was to recover the reasonable value of services performed, upon which question there was a conflict in the evidence, were matters of evidence for the court. We cannot say that there was no evidence to support the judgment.

Appellant claims that the costs of the attachment proceedings should have been adjudged against appellee. It appears that the cause was tried before the court 4. without a jury, and there was a finding for appellee in the sum of $224.86 and a finding in his favor upon the attachment, and then, by agreement of the parties, the appellee waived his attachment lien and a general judgment was rendered in favor of appellee for the sum just named. It appears that before the finding and judgment was entered it was agreed between counsel for appellee and appellant that, if the appellee would consent to the release of the attachment lien in said cause and agree not to cause execution to be issued before the second day of the November term, 1905, the appellant would not make any question of the attachment, or in any manner question any portion of the costs occasioned by the attachment in said cause; that the attorneys for the appellee did then and there consent to a release of said attachment lien, and agree that no execution should issue until after the second day of the November term, 1905, and upon said oral stipulation between counsel, each acting for and having authority so to do for each respective party, the court then and there entered said stipulations, releasing said attachment lien, and ordering that no execution issue until after the second day of the November term, 1905;

that counsel for appellee could not have made such an agreement with counsel for appellant if such counsel had been unwilling; and that, except for such agreement made in open court, the court would not have entered said consent of the appellee of record in said decree and judgment of the court. The court did not err in assessing the cost of attachment upon the showing made against the appellant.

Judgment affirmed.